UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PHILLIP RANDALL TILLIE,

        Plaintiff,

                                          Case No. 1:23-cv-1295

v.

                                          Hon. Hala Y. Jarbou

UNKNOWN TIGHE,

       Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) The Court previously stayed proceedings in this case and referred it to the Prisoner Civil Rights Litigation Early Mediation Program. (*Id.*) Early mediation was held on June 24, 2024, and the case did not settle. (ECF No. 8.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims, as well as any personal capacity claims seeking declaratory and injunctive relief, against Defendant Tighe. Plaintiff's First

Amendment personal capacity retaliation claim for damages against Defendant Tighe remains in the case.

## Discussion

### I. Factual Allegations

Plaintiff is currently incarcerated at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred during his prior incarceration at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues Corrections Officer Unknown Tighe in his official and personal capacities.

Plaintiff alleges that on November 4, 2023, he asked to clean his cell during the weekly time allotted for doing so. (Compl., ECF No. 1, PageID.3.) Defendant Tighe denied Plaintiff's request. (*Id.*) Plaintiff explained that he had been allowed to clean his cell during the previous three weeks without issue. (*Id.*) Defendant Tighe responded, "No Tillie, maybe if you stop filing grievances, I'll let you clean next time." (*Id.*) Plaintiff told Defendant Tighe that his conduct was "unbecoming" and that he was going to grieve the issue. (*Id.*) Plaintiff alleges that Defendant Tighe got angry and issued a falsified misconduct charging Plaintiff with insolence. (*Id.*) Plaintiff contends that he was later found guilty of the misconduct. (*Id.*)

Based on the foregoing, Plaintiff asserts a First Amendment retaliation claim. He seeks punitive, compensatory, and nominal damages, as well as for Defendant Tighe to be terminated from his position. (*Id.*, PageID.4.)

### II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

2

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    **A.**    **Official Capacity Claims**

As noted above, Plaintiff indicates that he is suing Defendant Tighe in his official and personal capacities. Although an action against a defendant in his or her individual capacity intends

3

to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks punitive, compensatory, and nominal damages, as well as for Defendant Tighe's employment to be terminated. (Compl., ECF No. 1, PageID.4.) Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's damages claims against Defendant Tighe in his official capacity.

An official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, however, Plaintiff is no longer confined at ECF, which is where he avers Defendant Tighe is employed and where the harm allegedly occurred.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Underlying this rule is the premise that such relief is appropriate only where a plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Plaintiff is now incarcerated at LRF and has not alleged facts that would show that he will be subjected to further future conduct by Defendant Tighe. Plaintiff, therefore, does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581. Moreover, courts have also found that they do not have the authority to order that correctional officials be terminated from their

employment. *See, e.g.*, *Williams v. Maynard*, No. 23-CV-1320, 2023 WL 3674332, at *1 n.3 (E.D. Pa. May 25, 2023) (collecting cases); *Pagonis v. Raines*, No. 4:17-CV-01-DC-DF, 2018 WL 9240919, at *4 (W.D. Tex. Aug. 10, 2018) ("'Federal courts are not prison managers' and injunctive relief in the form of an order to terminate a prison official's employment is not available in a § 1983 action." (citations omitted)), *report and recommendation adopted*, No. PE:17-CV-00001-DC, 2018 WL 9240916 (W.D. Tex. Sept. 10, 2018). Accordingly, the Court will dismiss Plaintiff's official capacity claims in their entirety.[1]

### B.     Personal Capacity Claim

Plaintiff contends that Defendant Tighe retaliated against him, in violation of the First Amendment, by issuing a false misconduct charging Plaintiff with insolence after Plaintiff threatened to file a grievance. (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff has sufficiently alleged that he engaged in protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.

---

[1] To the extent Plaintiff seeks declaratory and injunctive relief against Defendant Tighe in his personal capacity, such claims will also be dismissed for the reasons set forth above.

6

2000); *see also Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006)); *Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by threatening to file a grievance). Moreover, Defendant Tighe's issuance of the misconduct ticket can "constitute[] an adverse action." *See Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007). Finally, Plaintiff alleges facts suggesting that Defendant Tighe issued the misconduct ticket immediately after Plaintiff threatened to file a grievance against Defendant Tighe because he denied Plaintiff the opportunity to clean his cell. Given these allegations, Plaintiff's First Amendment personal capacity retaliation claim for damages against Defendant Tighe cannot be dismissed at screening.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's official capacity claims, as well as any personal capacity claims seeking declaratory and injunctive relief, against Defendant Tighe will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment personal capacity retaliation claim for damages against Defendant Tighe remains in the case.

An order consistent with this opinion will be entered.

Dated: June 26, 2024                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE