UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP RANDALL TILLIE,

    Plaintiff,

v.

UNKNOWN TIGHE,

    Defendant.

_____/

Case No. 1:23-cv-1295

Hon. Hala Y. Jarbou

## ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Kent issued a report recommending that the Court grant Logan Tighe's motion for summary judgment based on prisoner Phillip Tillie's failure to exhaust the remedies made available to him for Tighe's alleged retaliation against Tillie. (R&R, ECF No. 26.) Tillie now objects to the recommended disposition on the grounds that no administrative remedy other than appeal is available when a prisoner wishes to challenge the validity of a misconduct citation based on a retaliatory report. (Objs., ECF No. 27.) That argument does not hold water, so the Court adopts the R&R in full and grants the motion.

### I.  BACKGROUND

Phillip Tillie is committed to the custody of the Michigan Department of Corrections (MDOC), which was incarcerating him at the Oaks Correctional Facility at the time of the events recounted in his complaint. (Compl. at PageID.2, ECF No. 1.) Tillie's complaint alleges that on November 4, 2023, he asked corrections officer Logan Tighe for permission to clean his cell during the once-weekly time allotted to that activity. (*Id.* at PageID.3.) Tighe allegedly replied, "[M]aybe

if you stop filing grievances, I'll let you clean next time." (*Id.*)[1] When Tillie said he was going to file a grievance against Tighe for retaliating against him, Tighe allegedly made a report falsely accusing Tillie of insolence. (*Id.*)

Instead of grieving the retaliatory citation in turn, Tillie filed a complaint with this Court on December 7. (Compl. at PageID.4.) The Court screened the complaint and dismissed Tillie's claims against Tighe in his official capacity, as well as his claims for declaratory and injunctive relief against Tighe's person. (ECF No. 9 at 6 & n.1.) Tighe then moved for summary judgment on the damages claim still pending against him, pointing to Tillie's failure to exhaust his administrative remedies by grieving the allegedly retaliatory misconduct. (Br. in Supp. of Mot. for Summ. J. 9, ECF No. 18.)

Magistrate Judge Kent found that Tighe was entitled to summary judgment because Tillie failed to pursue the prison grievance-resolution process through to its conclusion. (R&R 6.) According to the magistrate judge, MDOC Policy Directive 03.02.130 required Tillie to file a grievance concerning Tighe's allegedly retaliatory conduct (*id.* 5); because the unrebutted evidence submitted by Tighe shows that Tillie filed no such grievance, the magistrate judge concluded that Tillie did not exhaust his administrative remedies and therefore that his case should be dismissed. (R&R 6.) Tillie timely objected to the recommended disposition. (Objs. 3.)

## II.   LEGAL STANDARD

This Court determines on a de novo basis "any part of" a magistrate judge's report and recommendation to which proper objection has been lodged. Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return

---

[1] Tillie appears to be quite the zealous complainant, having filed fourteen grievances in 2023 alone before the confrontation with Tighe at issue here. (*See* ECF No. 18-3 at PageID.81–.84.)

the matter to the magistrate judge with instructions." *Id.* Decision is made based on at least the Court's "own review of the evidence" before the magistrate judge. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

### III.    ANALYSIS

Tillie does not dispute that he failed to grieve Tighe for supposedly fabricating a misconduct report about him. Tillie's objection is that he *could not* file a grievance against Tighe on that ground because of the interaction of two aspects of the MDOC policy directive. The policy directive explicitly prohibits prisoners from grieving "a decision made in a Class II . . . misconduct hearing," instead channeling objections to the conducting or outcome of a misconduct hearing into an appeal to a supervisor designated by the warden. (ECF No. 18-2 at PageID.73.)[2] The same provision of the directive, however, instructs prisoners claiming that a misconduct citation was retaliatory in nature to file a grievance dealing solely with that issue and not raising objections stemming from any hearing instituted based on the allegedly retaliatory report. (*Id.*) Tillie argues these directives put him in a double bind: there was no way for him to challenge both the retaliatory misconduct report and the erroneous misconduct decision without either impermissibly grieving (instead of appealing) the hearing decision, as well as raising issues other than retaliation in the grievance, or foregoing a separate grievance on the retaliation issue. (Objs. 2.) Tillie concludes that because misconduct-hearing issues are not grievable at all, the only administrative remedy available to him was to appeal the erroneous misconduct decision and raise his retaliation claim through that process. (*See id.*)

---

[2] To the Court's knowledge, there are no differences between the appeals process set out in the current version of the policy directive and the one in force at the time the complaint was filed. *See* Mich. Dep't of Corr., PD 03.03.105, Prisoner Discipline (2025) [https://perma.cc/CQ27-BVLR].

The intuition underlying Tillie's argument is that the prohibition on "challenging issues directly related to the hearing process" through grievances still applies whenever retaliation is not the "sole issue" being challenged.  On Tillie's reading, his dispute with Tighe raises both a retaliation issue—the motivation for the false misconduct was Tighe's bias—and the issue of the correctness of the decision at the misconduct hearing to cite him for insolence.  Because these issues overlap, it makes sense to regard the retaliation issue as "directly related to the hearing process."  But because they are still separate issues, the reasoning goes, they cannot both be pursued through the grievance process, and prisoners like Tillie who wish to dispute both issues with the prison must avail themselves of the remedy that allows them to raise both of their claims.

Tillie's argument is not utterly devoid of merit.  Before the policy directive was amended in September 2023, both this Court and the Eastern District of Michigan decided numerous cases in which the proposition was laid down that "the 'only avenue' for fully exhausting a claim stemming from a misconduct ticket is to raise it at the misconduct hearing." *Taylor v. Purdom*, 673 F. Supp. 3d 872, 877 (E.D. Mich. 2023) (quoting *Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011)); *McNees v. Torrey*, No. 1:19-cv-121, 2021 WL 1178627, at *4 (W.D. Mich. Mar. 4, 2021) (collecting cases), *adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021); *Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018) (finding claim that corrections officers "manufactur[ed] the wrongdoing which resulted in" plaintiff's "conviction" to be "clearly related" to the conviction), *aff'd sub nom. Smith v. Pallas*, No. 18-1933, 2019 WL 7946345 (6th Cir. Nov. 7, 2019).  The amended policy directive could be taken as not disturbing this rule in any case other than when "the sole issue" the prisoner wants to raise with the misconduct citation is that it was based on retaliation.

Careful assessment of the amended directive reveals, however, that the double bind Tillie paints himself as being caught in is one of his own fabrication.  Tillie's reading of the directive that prisoners "file a grievance on the sole issue of retaliation" misconstrues the relationship between the rule laid out in the provision—that any challenge to the accuracy of a misconduct hearing's processes or decision must be brought in the form of an appeal—and the exception to that rule in the case of a retaliation claim.

Tillie's position appears to be that if a prisoner has complaints about a misconduct citation that do not relate to the "sole issue" of retaliation, the prisoner is obliged to raise both the retaliation and the other issues through the appeals process.  That is not a plausible reading of the policy.  The policy says that any claim of retaliation must be filed as a grievance, regardless of any other issues the prisoner might have with the misconduct citation.  The amendment says nothing one way or another about non-retaliation claims.  It certainly does not say that if the prisoner wishes to challenge more than one aspect of the hearing, the retaliation issue can continue to be raised alongside the other objections in the appeal.  The plain meaning of the text suggests that it envisions the opposite process: everything other than retaliation arguments must still go through the appeals process, while retaliation—and only retaliation—is filed as a separate grievance.  Tillie offers nothing that would render that interpretation of the language questionable.  In the absence of reasons to depart from the most straightforward reading of the provision, Tillie's interpretation must be rejected.

Tillie says that the fact he is pursuing a First Amendment retaliation claim in this Court "has nothing to do with exhaustion, and what's required of the plaintiff by MDOC policy." (Objs. 2.)  But a claim must be exhausted using the process prescribed for that same claim by prison policy.  "[I]t is the prison's requirements . . . that define the boundaries of proper exhaustion."

5

*Jones v. Bock*, 549 U.S. 199, 218 (2007).  Here, that meant grieving the retaliation issue before filing his complaint with the Court.  Tillie did not do so, so his claim went unexhausted.

## IV.    CONCLUSION

**IT IS ORDERED** that the report and recommendation (ECF No. 38) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 29) is **GRANTED**.

The Court will issue a judgment consistent with this order.

Dated: July 29, 2025                                       /s/ Hala Y. Jarbou
                                                                          HALA Y. JARBOU
                                                                          CHIEF UNITED STATES DISTRICT JUDGE